When the issue of jury misconduct came up in the state court, the state court judge indicated, I guess I would like for counsel to do a connection with a motion for a new trial if it turns out that this did occur, and that's the misconduct. The things that I would be interested in, when the juror looked up this word, what dictionary it was, what it was that the dictionary said about intent, I feel that these may be, or have some bearing on whether the motion should be granted. That they never really did. It goes without saying that the petitioner's entitled to 12 independent, impartial jurors. We never really had a hearing in the district court about what has been established as misconduct. There's no dispute that there was misconduct. The parties stipulated to it. Unfortunately, the court only had statements from eight of the jurors. Well, what would a hearing be required to resolve? Because the eight jurors declared the same thing, basically, that they followed the judge's instructions, and if the dictionary had been consulted by someone, it was disregarded. So what issue of fact is there to be resolved by an evidentiary hearing? Well, I think it's unclear exactly who looked up the word intent. But what difference does it make? I mean, if the jurors didn't pay any attention to it, if they did what they were supposed to do, which they said they did, which is follow the instructions, what fact issue is there to have an evidentiary hearing to resolve? Well, that's the question, obviously. Well, what's the answer? Yeah, well, the answer that I'm struggling to get out, I guess, is that they were inconsistent in these declarations. For example, one of the jurors said that the definition of intent was different than what the jury instructions were. And the problem is that most of these declarations that were drafted by the district attorney's investigator were fairly vague. And so I suppose the direct answer is there are four people that we haven't heard from. One, and two, the declarations that we do have are fairly vague. No one, for example, in all the declarations admitted that he or she was the one that went to the dictionary and looked up what the definition of intent was. So, one, you have to really question the credibility of the declarations or thoroughness of the declarations that we've received. The second is it's clear in this case that the jurors were having trouble with this very issue, which is the issue of intent. For example, they tried to remove one juror during the course of the deliberation because the juror wanted to talk, among other things, about the intoxication of the defendant, which goes to intent. The juror was hung up for two days, apparently, on count one, which was the murder charge. And so I think there's abundant evidence that there was issues involving intent. And clearly, that's the key to the murder charge. Do we know, is it in the record, what the dictionary definition was? The R&R, there was a dictionary definition, but there isn't any dictionary definition specifically outlined that I recall in the state court trial transcripts. I know that it's in the dictionary definition of intent, but I don't think it was introduced in any formal fashion. Was it inconsistent with the instruction from the judge? The dictionary definition? Well, according to one of the jurors, it was. I mean, I don't know, obviously, what anybody looked at, what dictionary they were using, how thorough they got into it. So it's certainly speculative on my behalf at this point to wonder, I suppose, what the jurors could have been looking up or reading. I don't know whether they went to a legal dictionary, a Webster's dictionary. We don't know the time frame of when they looked at the dictionary. All of which is something which could have been adduced from the jurors, right, to raise an issue of fact. I agree. And that's the problem, is that the facts aren't sufficiently developed. No. But you don't have an evidentiary hearing to conduct discovery. So you only have one if the declarations that you adduce create a conflict. Well, that's true, except in this particular case, there was a finding of misconduct. I mean, everybody agrees that there was juror misconduct. And so we have found that there was misconduct. The question is its impact and its effect or its influence on the jury. And I don't see, given these declarations, how anyone could form a conclusion without hearing from all 12 jurors. Now, for example, if all 12 jurors had given a declaration or an affidavit, then that would be something different. But we didn't have that here. The state court provision code provides for hearings under these circumstances. It could have been done. There could have been an invitation or an order at least to I think I'd like to reserve the remainder of my time. Let me just ask you a question. What Supreme Court case do you contend supports your position that what the state court judge did here was unreasonable? Well, I think basically It was an unreasonable application of Supreme Court law. I'm sorry. I'd fall back on Breck v. Abramson. For requiring a hearing, that you're saying this hearing was inadequate, what the district trial court did was inadequate. Buck is a little bit different. What Supreme Court case would require that the trial court judge conduct the kind of evidentiary hearing that you're suggesting was needed? Well, I guess I can't directly respond to that because it's more of a general proposition that each defendant is entitled to 12 impartial jurors. It's the Sixth Amendment right to a fair trial. And I believe that under the constitutional provisions, whether or not it's stated specifically as such in a Supreme Court decision, the constitutional provision provides for 12 impartial unbiased jurors. And so I think the penumbra of rights that fall within that amendment are what I'm talking about. Okay. Well, counsel, it seems to me just as a practical matter, if you, if the petitioner had been able to deduce some affidavits that said the dictionary definition is really not the one that the court gave to us, and so we were confused, that would be one thing, but not to tell us what the dictionary definition was or what influence it had, it's a tough case for you, in my view. Well, I don't disagree with that, and I don't disagree with that because I think the record is not filled in. I mean, I think there are significant questions there that were raised, and I don't think it's unreasonable to at least attempt to answer them, and so at least we'd have a complete record to fully evaluate. And so that's why I think there's a necessary requirement that it be remanded for some form of an inventory hearing on the issue. Good morning, Your Honors. It pleads the Court, Deputy Attorney General Teresa Toroblanca for Respondent. As this Court just pointed out, Petitioner cited absolutely no United States Supreme Court opinion which would have required this judge to do anything more than he did in this case. Based upon the affidavits that were in front of the Court, it was able to make all the factual findings that it needed. Defense came forward with affidavits and didn't have the juror sign them, and for that reason the defense affidavits were not considered, but all parties agreed that the prosecution's affidavits and the defense affidavits were identical, and the defense could have come forward with more if they had more, showing what the definition was that the jury actually had, but apparently they were unable to get that information from the jurors. But based on those affidavits, the Court knew that jury misconduct had occurred and that there was no evidence showing that the jury was influenced by the definition. Petitioner didn't cite in the trial court and doesn't cite anything here which would have changed the Court's opinion, any further facts which would have changed the Court's opinion. There wasn't any conflict between the jurors, and this would not have been used for an evidentiary and could not have been used for a fishing expedition, and that's essentially what an evidentiary hearing would do in this case. And I think it's important to remember also that the jurors' mental processes would not have been admissible in an evidentiary hearing. So as the trial court said, there really was no disputed facts and the issue was really a legal one, and further testimony was unnecessary. Unless the Court has any further questions? I don't think so, thank you. Mr. Brown? Well, again, I would just close by suggesting that really the only issue, the major issue in this case is what the defendant's intent was at the time. Again, we had a defendant with attention deficit disorder. He was intoxicated. He indicated he was acting out of fear from the victim who had previously shot at someone and the defendant was aware of it. So I think this is a key issue, and for that reason, it needs to be fully explored. Thank you. Thank you, counsel. The matter just argued will be submitted. And despite the fact that we had previously suggested to our visitors that you might leave after the second argument for your tour, I would suggest that you stay because you'll still be able to make your tour at the correct time. Thank you, counsel. The matter just argued will be submitted. And we'll next hear argument in court.
judges: B. Fletcher, Rymer, Paez